UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEIRON KENNETH HOLMES, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV422-227 |
| ) | |
| SGT. BAXTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

The Court previously screened *pro se* plaintiff Keiron Kenneth Holmes, Sr.'s Complaint, pursuant to 28 U.S.C. § 1915A. *See* doc. 19. Holmes' claim that he was subjected to excessive force was approved for service upon the relevant defendants. *Id*. at 27. Those defendants have waived personal service, *see* docs. 25-28, but no responsive pleadings have been filed, *see generally* docket. The Court recommended that several claims be dismissed, as any amendment of those claims would be futile. *See id*. at 28. That recommendation remains pending with the District Judge. *See generally* docket. The Court also directed Holmes to submit an Amended Complaint, to the extent he believed he could address the deficiencies in his claims arising from his confinement in a

1

cell containing alleged excrement, alleged retaliation, deliberate indifference to his medical needs, interference with his parental rights, and strip searches. *See* doc. 19 at 28. The deadline for him to submit that amendment has passed without any response. *Id.* (directing Holmes to submit an amended complaint no later than January 11, 2023); *see also generally* docket.

As the Court previously explained, Holmes' claim that he was confined in an unsanitary cell for an indeterminate period of time does not state a claim. *See* doc. 19 at 19-20. His First Amendment retaliation claim did not clearly allege protected conduct or, even assuming the verbal complaints alleged were protected, that there was any causal connection between those complaints and the alleged adverse action. *See id.* at 20-22. His allegation that he was denied access to mental health medication failed to allege any particular defendant's deliberate indifference. *See id.* at 22-24. Finally, his allegations implicating interference with his parental rights and that he was subjected to strip searches were too vague for meaningful evaluation. *See id.* at 24-26. Since he has now foregone his opportunity to amend those claims, for the

reasons explained more fully in the Court's prior Order, they should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 8th day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA