IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEIRON KENNETH HOLMES, SR., )
)
    Plaintiff, )
)
v. ) CASE NO. CV422-227
)
SGT. BAXTER, CLP. WILLIS, OFC. )
FISHER, OFC. GARDNER, OFC. )
SMITH, OFC. FOSTER, OFC. )
WILLIAMS, OFC. WASHINGTON, OFC. )
ELLIS, OFC. JOHN, OFC. CAMEL, )
OFC. GARCIA, OFC. NASH, OFC. )
LANADO, LT. MURPHY, SGT. TABLE, )
SGT. COCKERIN, LT. BAIDLY, CPL. )
NOVA, CLP. CAMMIC, and CLP. )
DUDLEY, )
)
    Defendants. )
)

## **O R D E R**

Before the Court is the Magistrate Judge's December 28, 2022, Order and Report and Recommendation (Doc. 19), to which no objections have been filed, and his February 8, 2023, Report and Recommendation (Doc. 30), to which Plaintiff Kerion Kenneth Holmes has filed an objection (Doc. 31). After a careful review of the record,[1] the December 2022 order and report and recommendation and

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

February 2023 report and recommendation are **ADOPTED** as the Court's opinion in this case. (Docs. 19, 30.) Plaintiff's claims, other than his excessive force claim, are **DISMISSED**.

In the December 2022 order and report and recommendation, the Magistrate Judge determined that "[Plaintiff's] request for an 'investigation,' and claims arising from denial of access to his counsel, threats, failure to protect, jail policies and grievance procedures, and the conditions of his confinement, except his confinement in an unsanitary cell, [did] not appear amendable" and recommended that they be dismissed. (Doc. 19 at 27-28.) Since Plaintiff did not object to the Magistrate Judge's recommendation to dismiss those claims, the December 2022 order and report and recommendation is **ADOPTED** (Doc. 19), and those claims are **DISMISSED**.

The Magistrate Judge also directed Plaintiff to submit an amended complaint addressing the identified deficiencies in his "claims arising from his confinement in a cell containing alleged excrement, the alleged retaliation, deliberate indifference to his medical needs, interference with his parental rights, and strip searches. . . ." (Id. at 28.) The Magistrate Judge directed Plaintiff to submit his amended pleading no later than January 11, 2023. (Id.) Plaintiff failed to timely amend his complaint. Approximately one month after the deadline had passed, the Magistrate Judge entered the February 2023 report and

2

recommendation, recommending that the deficient claims be dismissed. (Doc. 30 at 2-3.) Plaintiff timely filed an "objection" to that recommendation. (Doc. 31.)

In the objection, Plaintiff does not dispute the Magistrate Judge's analysis of any of his claims. Instead, Plaintiff states that he did not receive the order and report and recommendation directing him to amend his complaint. (Id. at 1.) Plaintiff's assertion that he did not receive the service copy of the report and recommendation is, however, irrelevant. The Clerk of Court's obligation to serve parties with copies of court orders is established by Federal Rule of Civil Procedure 77(d)(1), which incorporates Federal Rule of Civil Procedure 5(b). See Fed. R. Civ. P. 77(d)(1). Rule 5(b)(2)(C) is clear that service by mail "is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). If the plain language of the rule were not sufficient, it is well-established by case law that Rule 77(d) "deems mailing . . . by the clerk to be notice to a party, whether or not the notice is actually received or actually noticed by the party." Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988); see also Bradley v. Kelly Servs., Inc., 224 F. App'x 893, 895-96 (11th Cir. 2007) (noting that service is complete upon mailing). Plaintiff's assertion that he did not actually receive the order and report and recommendation, therefore, does not undermine the Magistrate Judge's determination that he waived his

3

opportunity to amend those claims by failing to timely file his amended complaint according to the instructions in the order and report and recommendation.[2] (Doc. 30 at 2-3.)

Despite the validity of the Magistrate Judge's analysis, Plaintiff's objection makes two requests that merit comment. Plaintiff requests that the Court afford him additional time to submit an amended complaint or, alternatively, accept an attachment to his objection as his amendment. (Doc. 31 at 1.) The second request is improper. See Lorton v. Wainwright, No. 3:21-CV-00036, 2022 WL 2803195, at *6 (N.D. Ohio July 18, 2022) ("Without a pending motion for leave to amend, the [c]ourt has no application to consider, and such a free-standing request [in objections to a magistrate judge's report and recommendations] is not itself a motion to amend and not procedurally proper." (citations omitted)); Young v. Rios, No. CIV-15-641-R, 2018 WL 2079509, at *2 n.2 (W.D. Okla. May 4, 2018) ("An objection to a Report and Recommendation is . . . not the correct forum to request leave to amend."). The Court, therefore, has not considered the attached amendments to his complaint.

Plaintiff also requests additional time to submit the amendment. (Doc. 31 at 1 ("Now I'm asking the courts to aloud [sic]

---

[2] The Court also notes there is no indication that the order and report and recommendation was returned as undeliverable for any reason.

4

me a chance to amend . . . .) Requests to extend deadlines after they have expired are governed by Federal Rule of Civil Procedure 6(b)(1)(B). The rule permits such extensions, "on motion . . . if the party has failed to act because of excusable neglect." Id. Evaluating similar circumstances, the Eleventh Circuit has affirmed the decision to reject an untimely filing where a pro se plaintiff "failed to file a motion as required for an after-the-fact extension under Rule 6(b)(1)(B) . . . ." Mathis v. Adams, 577 F. App'x 966, 967 (11th Cir. 2014). Considering that the Magistrate Judge did not recommend dismissal of the unamended claims until approximately one month after the original deadline expired and Plaintiff did not file a motion as required by Rule 6(b)(1)(B), the Court will not extend his deadline. See, e.g., Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining that leniency afforded to pro se pleadings "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citation omitted)); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Accordingly, Plaintiff's objection is **OVERRULED** (Doc. 31), and the February 2023 report and recommendation is **ADOPTED** (Doc. 30). Plaintiff's claims "arising from his confinement in a cell

5

containing alleged excrement, alleged retaliation, deliberate indifference to his medical needs, interference with his parental rights, and strip searches[]" are **DISMISSED**. (Id. at 1-2.) Plaintiff's excessive force claim remains pending. (Doc. 30 at 1; see also Doc. 32 (Defendants' Answer).)

SO ORDERED this 17th day of April 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA