## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| KEIRON KENNETH HOLMES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-227 |
| | ) | |
| SGT. BAXTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed this 42 U.S.C. § 1983 lawsuit while housed at the Chatham County Detention Center as a pretrial detainee. *See* doc. 1 at 6-8. Plaintiff's Complaint was previously screened pursuant to 28 U.S.C. § 1915A. *See* doc. 19 *adopted by* doc. 41. While many of Holmes' claims were dismissed, *see* doc. 41, the Court found that Plaintiff had stated a claim for excessive force against Baxter, Willis, Fisher, and Gardner. *See* doc. 19 at 7-8. Those defendants waived service, docs. 25-28, and filed their Answer on February 28, 2023, doc. 32. The case has since become bogged down in a procedural quagmire that the Court now attempts to wade through.

## PROCEDURAL HISTORY

The details of Holmes' sole pending claim were described in this Court's prior Order. *See* doc. 19 at 7 (quoting doc. 1 at 6). Briefly, Holmes alleges that during booking an officer placed a knee into his back while he was "non-resistant," and that, without provocation, he was "boxed" in the head. Doc. 1 at 6. Holmes attempted to amend his claim, but his attempt was stricken as procedurally improper. *See* docs. 43, 44; *see also* doc. 41 (overruling Holmes' objection and dismissing claims for his failure to timely amend them). He has filed a document, which the Clerk docketed as a motion, again expressing his desire to add additional defendants and allegations to his claim. *See* doc. 48.

Holmes also filed a Motion for Summary Judgment, doc. 63, wherein he does not seek disposition on his claim by arguing that "there is no genuine dispute as to any material fact" or even that he is "entitled to judgment as a matter of law." *Compare* doc. 63 *with* Fed. R. Civ. P. 56. Rather, he reiterates his allegations that Defendants used unreasonable force against him, and he asserts that Defendants destroyed evidence in the form of body-worn camera footage. Doc. 63 at 1-2. He simultaneously claims that the failure of Defendants to use body-worn cameras constitutes a violation of prison policy, and that the footage from those

cameras would prove his claim. *Id.* at 2. Defendants responded to his Motion asserting that qualified immunity entitles them to relief, doc. 71-1 at 3-18, and that Holmes' allegations about the destruction of body-worn footage constitute a separate claim that should be denied as an improper attempt to amend. *Id.* at 19. Moreover, Defendants state that the body-worn footage was provided, but that Plaintiff failed to timely request any other footage and it was recorded over by more recent footage around 25-36 days after it was recorded, as is prison policy. *Id.* They provided the Court with the body-worn footage as an exhibit to their response which was also served upon Holmes. Doc. 71-3.

Defendants simultaneously filed their own Motion for Summary Judgment, doc. 72 and Motion to Seal medical records attached as Exhibit C to their Motion for Summary Judgment, doc. 70. Holmes failed to respond to their Motions, and the Court recommended that his case be dismissed for failure to prosecute. Doc. 74 at 3; *but see* doc. 78. Holmes filed a Motion to Produce Evidence, which the Court construed as an attempt to prosecute, but the Court further required that he substantively respond to the Motion for Summary Judgment. Doc. 78 at 2. He was warned in that Order that his failure to show cause would

result in a dismissal. *Id.* at 2-3. Holmes then filed a letter that does not directly respond to either the Court's Order or the Defendants' Motion, doc. 79, and an "Objection" to Defendants' Motion for Summary Judgment, doc. 80.

Holmes' Objection claims that he has not received the Defendants' response to his own Motion for Summary Judgment. Doc. 80 at 2. He complains about the prison mail system and again seeks body-worn camera footage. *Id.* at 1. He asks the Court for "another chance to respond to the defendants response to [his] motion for summary judgment to their motion for summary judgment." *Id.* at 2. He also filed a "Motion for Preliminary Injunction," doc. 81, a document which he entitled "Motion for Summary Judgment," doc. 82, and a "Request for Evidence," doc. 83. Then, the Defendants filed a Brief in Opposition to Holmes' Motion at doc. 82. *See* doc. 85. It again includes, by way of exhibit, the disputed body-worn footage as well as Holmes' medical record, excerpts from Holmes' deposition, and Defendants' affidavits. *See* doc. 85, 85-1, 85-2, 85-3; *see also* doc. 85-4, 85-5, 85-6, 85-7, 85-8, 85-9, 85-10, 85-11. Since this filing, Holmes has filed seven so-called Motions for Summary Judgment, one Motion to Dismiss, and other miscellaneous

requests for responses. *See* docs. 87, 89, 91, 97, 99, 104, 108; *see also* doc. 109; and docs. 94, 96, 102, 106, 107, 110, 111, 112, and 113. Defendants diligently filed Briefs in Opposition to the Motions for "Summary Judgment" at docs. 87, 89, 91, 97, and 99. *See* docs. 93, 101. One of those oppositions again contains Holmes' medical records as exhibits. Docs. 93-2. Incorporated into one of their responses is a Motion to Dismiss, which seeks dismissal based upon Holmes' alleged failure to comply with the Court's prior Order to Show Cause. Doc. 101 at 2. The Defendants note that even though Holmes clearly "received the Court's prior Order," as is indicated by the fact that he "has filed numerous other untimely motions for summary judgment," Holmes has yet to substantively respond to their Motion for Summary Judgment. *Id.* As to Holmes' own filings, his own motions for summary judgment are ripe for review by the Court.

## DISCUSSION

The Court first addresses Holmes' miscellaneous motions. Holmes filed a document which ostensibly seeks permission to add defendants. Doc, 48 at 1. However, it appears to constitute the amendment he wishes to make, as it makes allegations and seeks relief regarding separate issues. *See* doc. 48 (alleging false imprisonment, cruel and unusual

punishment, and due process violations).  He was previously warned that he must seek leave from the Court or Defendants' permission to amend his Complaint.  Doc. 44 at 3.  To the extent it constitutes the filing of an amended pleading, his Motion to add Defendants, doc. 48. is **DENIED** because he did not follow this procedure.  To the extent it seeks permission, it is denied because it appears to assert irrelevant and frivolous claims against unrelated parties.  *See* doc. 48 at 8 (seeking to sue arresting officer and "all officers involved in criminal action case #SPCR23-00742-J5 for violating [Holmes'] due process rights . . .," as well as D.A. Shalena Cook Jones, ADA Gabriel Justus, and Judge James Bass).  Holmes must file suit separately to assert unrelated claims against unrelated parties. *See* Federal Rules of Civil Procedure 15, 18(a), & 20(a)(2)(A); *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have unquestionable authority to control their own dockets" and enjoy "broad discretion in deciding how best to manage the cases before them.") (quotations and citations omitted).  However, he is forewarned that, under the Prison Reform Litigation Act, a prisoner's case may be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from

such relief.  28 U.S.C. § 1915(e)(2)(B); *Joseph v. State Mut. Life Ins. Co. of Am.*, 196 F. App'x 760, 760–61 (11th Cir. 2006); see also *Heck v. Humphrey,* 512 U.S. 477 (1994) (Civil rights claims are barred under the Heck doctrine when they necessarily challenge the validity of a conviction).  In any event, to the extent he sought permission to amend the present complaint in his Motion to Add Defendants, doc. 48, that permission is not given because his proposed amendment would be futile. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir.1999) (Denial of leave to amend is justified by futility when the "complaint as amended is still subject to dismissal.")

Holmes has also filed two Motions requesting "preliminary injunctions."  Docs. 50 & 81.  His first Motion for Preliminary Injunction seeks an injunction on the "grounds of defendants admitting in the disposition [sic] . . . that they dispose[d] of CCDC booking area footage." Doc. 50.  He also seeks an injunction because of delays in mail.  *Id.*  His second Motion for Preliminary Injunction seeks to amend his Complaint to add unsupported claims regarding false imprisonment and violations of the prison's policies.  *See* doc. 81.  It does not seek any specific

injunctive relief, but only vaguely references claims he is "planning on bringing" against unnamed parties. *Id.* at 1.

Before a District Court may enter a preliminary injunction, the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (internal citations omitted). It is an "extraordinary and drastic remedy." *Id.* Holmes' two motions do not come close to meeting this heavy burden. *See* docs. 50 & 81. He has not asked for specific relief, and he does not state allegations suggesting that an order is necessary to prevent irreparable injury which would outweigh any harm caused by the order granting injunctive relief. *See generally id.* The Court **RECOMMENDS** that these requests be **DENIED**. Docs. 50, 81.

Holmes has also filed a flurry of motions related to discovery. *See* docs. 51, 52, 60, 66, 67, 68, 76, & 83. His document titled "Identification

Interrogatory" appears to be his attempt to serve interrogatories on the defendants.  *See* doc. 51; s*ee also, e.g.* Fed. R. Civ. P. 33; doc. 19 at 32.  He was expressly instructed that his "[d]iscovery materials should **not** be filed routinely with the Clerk of Court[.]"  Doc. 19 at 32 (emphasis in original).  There is no indication that he seeks any relief from the Court, so the Motion is **DISMISSED** as moot.  Doc. 51.

Holmes' filing at docket entry 52 is less straight forward.  It is styled as "A Motion for Production of Documents," doc. 52 at 1, but appears to seek to add claims against Defendant Baxter, seeks copies of documents from the Court, and seeks an "order" for "the defendants to provide him with certain documents.  *Id.* at 1-2.  To the extent Holmes seeks to amend his claims against Baxter, like his prior attempts discussed above, his request does not comply with Federal Rule 15 and is **DENIED**.  Doc. 52, in part.  His request that the Court send him documents is likewise **DENIED**.  Doc. 52, in part.  He is not entitled to free copies of court documents.  *See Jackson v. Fla. Dept. of Fin. Servs.*, 479 F. App'x 289, 293 (11th Cir. 2012).   Finally, his request that the defendants provide him with particular documents appears to be a request for production of documents.  *See* doc. 52 at 2; *see also, e.g.* Fed.

R. Civ. P. 34.  As with his interrogatories, these discovery requests are not properly filed with the Court.  *See* doc. 19 at 32.  His request that the defendants produce documents is, therefore, **DISMISSED**.  Doc. 52, in part.

Holmes next asks for a copy of his "disposition held on 04-26-2023." Doc. 60.  The Court presumes he means a copy of the transcript from his deposition.  *See, e.g.*, doc. 72-3 (discussing Holmes' "deposition transcript dated April 26, 2023").  Although Holmes is proceeding *in forma pauperis*, neither the Court nor the Defendants are required to cover the cost of discovery, including the cost of any deposition transcripts.  *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014); *see also, e.g.*, *Cargill v. Ala. Dept. of Corr.*, 2021 WL 11152964, at *2 (M.D. Ala. Dec. 15, 2021) (discussing indigent defendant's obligation to cover costs of pretrial discovery, and collecting cases).  He also indicated in a later submission that he "received the transcripts from the [deposition] on 04-26-2023." Doc. 67 at 1.  His request for a copy of the deposition transcript is, therefore, **DENIED**.  Doc. 60.

Holmes next asks for the Defendants to produce documents and body-worn camera footage, claiming he has made requests and the

Defendants "have yet to send requested information to [him]."  Doc. 66; *see also* doc. 67.  He also asks for "more time with discovery due to defendants failing to provide [him] with vital documents[.]"  Doc. 68. Defendants respond that "they have timely and completely responded to all of Plaintiffs discovery requests . . . ."  Doc. 69 at 3.  Holmes does not meaningfully dispute this contention and has made no suggestion that he has conferred in good faith or made any other attempt to resolve a discovery dispute in accordance with this Court's Local Rules.  *See* S.D. Ga. L. Civ. R. 26.5.  Although proceeding *pro se*, Holmes is required to follow the relevant rules.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  His motions are, therefore, **DENIED**.  Docs. 66, 67, 68.  Likewise, his "Motion for the Production of Evidence," doc. 76, and "Request for Evidence," doc. 83, construed as more improper attempts to obtain discovery, are **DENIED**.

Holmes has also moved for entry of default.  Doc. 56.  His argument in support of his "Request for Entry of Default" is patently false.  *See id.* at 3 (the defendants . . . has not filed or served an answer . . .); *see also* doc. 32 (Defendants' Answer).  Defendants have not "failed to plead or

otherwise defend." Fed. R. Civ. P. 55(a).  Holmes' request for entry of default is, therefore, **DENIED**.  Doc. 56.

The Court now assesses the pending dispositive motions. Defendants have filed one Motion for Summary Judgment and an accompanying Motion to Seal, docs. 70, 72, as well as one Motion to Dismiss, doc. 101.  Holmes has filed nine documents which are captioned as motions for summary judgment.  *See* docs. 63, 82, 87, 89, 91, 97, 99, 104, 108.  However, it is apparent that at least some of these documents are responses to motions or briefs filed by the Defendants or seek to allege different claims altogether.  As discussed above, after Holmes failed to respond to Defendants' Motion for Summary Judgment, the Court ordered Holmes to show cause.  Even though he showed cause for the delay citing mail issues, doc. 80, he still has not filed a document clearly labeled as a "response" to their Motion.  The Court charitably construes two of Holmes' filings as responses, given their explicit reference to items filed by Defendants.  Docs. 104, 108.  The Clerk is **DIRECTED** to **TERMINATE** these "Motions" and construe them as responses, docs. 104, 108.

Liberally construed, Holmes' first Motion for Summary Judgment comes close to making a spoliation argument, asserting that because Defendants did not retain more video footage, he should be granted summary judgment.   Doc. 63.   However, the allegation is vague, conclusory, and unsupported.   *See id.* at 1 (referring generally to "camera footage").   Defendants have explained, through sworn affidavits, that some camera footage was recorded over in the normal course of business after Holmes failed to timely request it.   Doc. 71-1 at 19 (citing doc. 71-3 at 41-42; doc. 71-3 at 44-45).   They have provided Holmes with other footage.   *Id.*   Holmes has offered nothing to controvert Defendants' evidence of his lack of timely request, but instead offers vague, conclusory, and unsupported arguments that Defendants are "withholding evidence" or sending "falsified documents."   *See, e.g.*, doc. 76.   Defendants' Response to Holmes' second Motion for Summary Judgment begins by making clear that Holmes has been shown body camera footage upon which Defendants rely.   Doc. 85 at 1.   Indeed, his deposition reflects a contemporaneous viewing.   *See* doc. 71-3 at 22. While Holmes generally argues "Defendants" have "thrown away" evidence, presumably the video footage, he does not offer any support for

the idea that the existing defendants had any control over the footage. There is no evidence of bad faith on behalf of the Defendants, and therefore Holmes' construed spoliation argument fails. *See, e.g.*, *Watson v. Edelen*, 76 F. supp. 3d 1332, 1350 (N.D. Fla. Jan. 5, 2015) (no evidence of bad faith where prisoner's "evidence fails to show that any named Defendant actually destroyed [videos] or was privy to the destruction"); *Diaz v. Carnival Corp.*, 2021 WL 3932631, at *2 (S.D. Fla. May 25, 2021) (even where elements of spoliation claim are met, sanctionable spoliation occurs only where the "absence of that evidence is predicated on bad faith," such as where a party purposely loses or destroys relevant evidence.) (quoting *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997)) (adverse inference from party's failure to preserve evidence must be predicated on bad faith) (citations omitted).  Therefore, the Court **RECOMMENDS** that Holmes' Motion be **DENIED**, doc. 63, as Holmes is not entitled to judgment as a matter of law based on his spoliation argument or otherwise.

Most of Holmes' remaining Motions for Summary Judgment, docs. 82, 87, 89, 91, 97, and 99, are duplicative of his first and do not seek summary adjudication based upon any legal grounds.  Rather, Holmes

seeks again and again to incorporate new facts or allegations into his original Complaint, or to refute the Defendants' position based on the same pseudo-spoliation argument. Indeed, he never appears to tie facts to law to argue his claim. By way of quick summary, Holmes' second Motion for Summary Judgment, doc. 82 makes a nonsensical argument regarding discovery responses, and his third Motion for Summary Judgment, doc. 87, alleges that Defendants used "defective" and false material. His fourth Motion for Summary Judgment, doc. 89, appears to reply to Defendants' Response, doc. 85, to his second Motion for Summary Judgment, doc. 82, and it disputes "falsified" discovery responses. His fifth Motion for Summary Judgment, doc. 91, repeats these claims but additionally attempts to seek relief on a claim regarding his mail and violation of policy relevant to video footage recording, claims that have not been properly asserted in this case. His sixth Motion for Summary Judgment, doc. 97, is virtually nonsensical. Holmes claims this document is "an argument and not a complaint" but it appears to reassert his claims that his rights were violated "with the defendants defense to [his] complaint." Doc. 97 at 1. Holmes directs the Court to review all documents ever filed with the courts involving himself and others. *Id.* In

his seventh Motion for Summary Judgment, doc. 99, Holmes makes arguments relevant to the violation of CCDC policy, discovery disputes, falsified material, and claims that he has not received unspecified materials. Doc. 99 at 1-9. Given the nature of these filings which are all duplicative of his original Motion, doc. 63, and do not, in fact, seek summary disposition but rather confusingly make discovery requests or seek to amend the Complaint, they are **DISMISSED AS MOOT** based upon this Court's prior orders and the present recommendation. Docs. 82, 87, 89, 91, 97, 99. Additionally, in his Motion to "dismiss" the Defendants' brief, Holmes disputes the date upon which he was served Defendants' combined Response, doc. 101, to his fourth, fifth, sixth, and seventh Motions for Summary Judgment. *See* doc. 109. He also argues that the responsive pleading was made "defective" when it was "written on" after its delivery. *Id.* He claims that, because of the discrepancy and defectiveness, Defendants' brief in response to his fourth, fifth, sixth, and seventh Motions for Summary Judgment should be dismissed. Given the termination of his duplicative Motions, this request is **DISMISSED**. Doc. 109.

Next, the Court has reviewed the Defendants' Motion to Dismiss and Motion for Summary Judgment. Docs. 72, 101. Their Motion to Dismiss, doc. 101, argues that Holmes has failed to comply with a court order because he has not responded to this Court's Order to Show Cause why he failed to timely respond to the Defendants' Motion for Summary Judgment. Doc. 101 at 2-3. Holmes did show cause for failing to respond to the Defendants' motion, citing prison mail issues. Docs. 79, 80. His explanation is satisfactory, and he does not appear to be in violation of Court Order. The Court Recommends that this request be **DENIED**[1] because Holmes has not failed to show cause to the Court, even though he *has* continued to fail to file any *rule-complaint* response to Defendants' motion. *See* doc. 80. Holmes also did not file a Statement of Material Facts controverting the Defendant's own. *See* S.D. Ga. L. Civ. R. 56.1. ("[I]n addition to the Parties' briefs, there "shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any

---

[1] The Defendants' Motion to Dismiss was contained within their Brief in opposition, doc. 101, and does not appear on the docket as awaiting Court disposition. However, the Court construes Defendants' Request as a formal motion, independent of the brief and **DIRECTS** the Clerk to mark it ripe for disposition by the District Judge.

conclusions of law thereof.").   However, this deficiency need not be considered at this time, for the reasons that follow.

The Defendants' Motion for Summary Judgment remains to be addressed, doc. 72, as well as their contemporaneously filed Motion to Seal, doc. 70.   The Defendants have filed their Motion to Seal alleging that the records "obviously contain sensitive, privileged material," albeit material which Holmes has placed in the center of this dispute.   Doc. 70 at 2-3.   They assert that the medical records, "while privileged, contain information from various medical professionals as to his alleged medical conditions following the incident."   *Id.* at 3.   Defendants submitted the attachments it seeks to seal to the Court for review pursuant to Local Rule 79.7.   Although Holmes has not responded to the Motion, the Court reviewed the Defendants' motion along with the exhibits to be sealed and determined that, at least in its present form, the motion must be denied.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234,

1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit recently reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted). The documents Defendants submitted in support of its Motion for Summary Judgment are judicial records.

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination

"requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted) (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court judge, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311

(quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

Defendants have not provided any information sufficient to show good cause to seal the exhibits to its Motion for Summary Judgment. Other than generally referencing the existence of medical information, the Motion does not identify, by reference or otherwise, what might be found in the exhibits which should exempt the information from being in the public domain. *See generally* doc. 70. Additionally, the Defendants have not shown why redaction of any of the records would not accomplish its goals. *See* Fed. R. Civ. P. 5.2(a). In short, the Defendants' motion is insufficient. Therefore, it is **DENIED**. Doc. 70

These materials will be returned to Defendants who are **DIRECTED,** no later Monday, February 12, 2024, to either: (1) file a renewed Motion to Seal if they believe they can make the requisite showing; (2) file the exhibits "in the normal course," given Holmes' apparent lack of disagreement; or (3) seek leave of Court to file the documents in a redacted version. *See* S.D. Ga. L.R. 79.7(c). Upon their compliance with this direction, the Court will be able to take up their motion for Summary Judgment which relies upon the now unavailable

21

Exhibit C.  As well, since the Court is unable to fully consider their Motion for Summary Judgment pending their compliance with the above directions regarding Exhibit C, the Clerk is **DIRECTED** to **TERMINATE** it.  Doc. 72.  Defendants are **DIRECTED** to resubmit their Motion for Summary Judgment, along with their compliance with the direction above regarding Exhibit C, no later than February 12, 2024.

Finally, Holmes recently filed a "Request for Response" to his Motions for Summary Judgment, wherein he seeks a copy of Defendants' Motion for Summary Judgment, "a response to [his] response to notice of deficiency," and a response from Defendants' on his second and third motions for summary judgment, docs. 63 and 82.  *See* doc. 113.  The Court emphasizes to Holmes that service is effectively made by  mailing the pleading to the person's last known address, in which event service is complete upon mailing.  Fed. R. Civ. P. 5(b)(c).  Therefore, by mailing these items, the Defendants have satisfied their burden.  In this case, the Court is mindful of the obligation to liberally construe *pro se* pleadings, but "*pro se* litigants are required to comply with applicable procedural rules." *Ramchandani v. Sanghrajka*, 2022 WL 16549470, at *1 (11th Cir.

Oct. 31, 2022) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)).

However, given the Court's disposition on Defendants' Motion to Seal and its impact upon their Motion for Summary Judgment, Defendants must serve Holmes with their Motion for Summary Judgment upon refiling it. *See* Fed. R. Civ. P. 5.  Given the discrepancies before the Court regarding service of items such as this, Defendants are free to file upon the docket their certification of service upon refiling and serving, and they are encouraged to hand deliver their Motion to the extent reasonable. *See* Fed. R. Civ. P. 5(b)(2)(A).  Holmes may refute such certification only by sworn declaration.  His confusion with the Court's procedure, further unsworn assertions of lack of service, and complaints regarding prison mail procedure will not suffice to overcome his burden to respond.  Therefore, doc. 113 is **DENIED**.

Holmes may object to this Court's Recommendation that his original Motion be denied, as described below, but he is instructed that **further filing of frivolous motions for summary judgment will not be tolerated.**  Such motions will be construed as relevant to their true nature, and they may be summarily terminated if they continue to seek

relief based upon moot issues, meritless and previously asserted arguments, or irrelevant factual claims. Defendants' obligations to respond to any of Holmes' filings are **STAYED** pending their compliance with the direction on their Motion to Seal. *See, e.g.*, *Clinton v. Jones*, 5209 U.S. 681 (1997) (discussing district court's "broad discretion to stay proceedings as an incident of its power to control its own docket.").[2]

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss, doc. 101, be **DENIED.** It is further **RECOMMENDED** that Holmes' Motions for Preliminary Injunction and first Motion for Summary Judgment, docs. 50, 63, 81 be **DENIED**. The Court **DENIES** docs. 48, 51, 52, 56, 60, 66, 67, 68, 70, 76, 83, and 113. The Court **DIRECTS** the Clerk to **TERMINATE** docs. 104 and 108, and to reconstrue these documents as responses (specifically, these documents explicitly respond to doc. 85 and to some degree, doc. 72). The filings at docs. 82, 87, 89, 91, 97, 99, and 109, are all duplicative of doc.

---

[2] They may, if they wish, respond to any Objection made by Holmes to this Court's recommendations regarding the dispositive motions at issue, and they may object as described herein, but they are not *required* to respond to other filings until they have complied with the instructions related to their Motion to Seal and Motion for Summary Judgment.

63 and they are therefore **DISMISSED AS MOOT**.  Further, the Clerk is **DIRECTED** to **TERMINATE** doc. 72.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED,** this 5th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA