IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KEIRON KENNETH HOLMES,

    Plaintiff,

v.                                                                                           CIVIL ACTION NO.: 4:22-cv-227

SGT. BAXTER, et al.,

    Defendants.

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 5, 2024, Report and Recommendation, (doc. 115), to which plaintiff has filed an Objection, (doc. 124).  The Court conducted its preliminary review of Holmes' Complaint under the Prison Litigation Reform Act ("PLRA") and found that Holmes stated facts supporting an excessive use of force claim against Defendants Baxter, Willis, Fisher, and Gardner.  (See doc. 19.)  Holmes then filed multiple duplicative motions for "summary judgment," in which he did not seek disposition on his claim by arguing that "there was no genuine dispute as to any material fact" or even that he was "entitled to judgment as a matter of law."  See Fed. R. Civ. P. 56.  Rather, he reiterated his allegations that Defendants used unreasonable force against him, and he asserted that Defendants destroyed evidence in the form of video recordings.  (Doc. 63, pp.2-3.)  The Magistrate Judge directed the clerk to terminate many of these "motions" which, though they were styled as seeking "summary judgment," did not constitute motions seeking dispositive relief.   (Doc. 115, pp. 12, 24 (construing doc. 104 and 108 as "Responses" to Defendants' motions

or briefs and directing the clerk to terminate them); see also id., p. 24 (directing the clerk to terminate docs. 82, 87, 89, 91, 97, 99, and 109 as duplicative filings and moot.).)

However, the Magistrate Judge construed Holmes' first Motion for Summary Judgment, (doc. 63), as a dispositive Motion seeking relief upon a spoliation claim but found that Holmes failed to establish a requisite element of the claim.  (See doc. 115, p. 14 (citing Watson v. Edelen, 76 F. Supp. 3d 1332, 1350 (N.D. Fla. Jan. 5, 2015) and Diaz v. Carnival Corp., 2021 WL 3932631, at *2 (S.D. Fla. May 25, 2021).)  The Magistrate Judge recommended that his Motion for Summary Judgment be denied because there was no evidence that Defendants acted in bad faith regarding video footage purportedly "proving" Holmes' allegations.  Id.  The Magistrate Judge also recommended that, because Holmes failed to establish his burden under Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003), his Motions for Preliminary Injunction, (docs. 50 & 81), should be denied.  (Doc. 115, pp. 8, 24.)  The Magistrate Judge reported that Holmes failed to request specific relief or state allegations suggesting that an injunctive order is necessary to prevent irreparable injury which would outweigh any harm caused by the order granting injunctive relief.  (Doc. 115, p.8.)  The Magistrate Judge, therefore, recommended that the Motion be denied.  (Id., p. 14.)

Defendants argued in their Motion to Dismiss, that Holmes failed to comply with a court order after he was directed to show cause regarding his failure to timely respond to Defendants' Motion for Summary Judgment.  (Doc. 101.)  The Magistrate Judge found Holmes' filings at docs. 79 and 80 to sufficiently explain his delay in responding, and consequently recommended denying their Motion.  The Magistrate Judge also denied Defendants Motion to Seal documents which accompanied their Motion for Summary Judgment.  (Doc. 115, p.21.)  Because the denial mandated that the documents be returned to Defendants, their Motion for Summary Judgment was

rendered defunct. Consequently, the Magistrate Judge terminated their concomitant Motion for Summary Judgment and directed the Defendants to refile their Motions in compliance with local rules. (Id. (citing LR 79.7(c).)

Holmes filed an Objection, (doc. 124), in which he purports to attach documents which prove that Defendants failed to mail filings to him. He notes trivial discrepancies within the Magistrate Judge's review of the case or with the Defendants' position. For example, he complains that the R&R is incorrect in noting that Holmes complains that Defendants destroyed evidence in the form of body-worn camera footage because he, in fact, complains of the destruction of footage from the cameras located in the pre-booking holding area. (Doc. 124, p.2.) The referenced excerpt merely summarized the Defendants' response and did not purport to state Holmes' position at all. In any event, Holmes has in fact expressed frustration about the unavailability of body-worn footage. (See, e.g., docs. 66 & 67.) He complains that "courts made alot [sic] of statements claiming the defendants stated one thing when they stated another," but he does not provide specific references. (Doc. 124, p.4.) He again complains that Defendants have failed to serve him with documents, many of which are now defunct. These objections are irrelevant to the motions before the Court.

The remainder of Holmes' Objection is either so convoluted that it is undecipherable, or it asserts complaints irrelevant to the Magistrate Judge's recommendation on his spoliation argument. (See id., p. 2 ("[T]he courts states Plaintiff Holmes alleges a knee into his back while non-resistant and that without provocation Plaintiff was boxed in head when the same documents the court said this statement comes from states other words as well with more defendants the court didn't say are dismiss and/or still in case/going forward with.") The Court perceives his general frustration to be that he has not received documents which are part of the record, and that, the items

3

which have been presented to him include falsehoods which would be exposed had Defendants produced relevant documents.  (See, e.g., id., p. 3 ("Page 8 and 9 states Plaintiff Holmes document titled identification interrogatories appears to be my attempt to serve interrogatories on the defendants, when I actually sent interrogatories to all parties and shows after interrogatories were answered by the defendants how defendants with attached documents that serve as the defendants answers were misleading evidence, falsified documents, defective articles and wrong answers that were willfully, knowingly and intentionally given to all parties by the defendants." .)   Simply put, his filings indicate no such exposure of untruths.   Moreover, his vague assertions do not overcome his summary judgment burden, and therefore, his Objection is overruled.   As to the delivery of missing filings, the Defendants have refiled and re-served their Motion for Summary Judgment, (doc. 119), their accompanying brief, (doc. 119-1), their Statement of Material Facts, (doc. 119-2), and accompanying exhibits, (docs. 119-3 – 119-12).   Because these documents are duplicative of those which Holmes complains he has not received, his complaint about their prior failed delivery is rendered moot by their receipt.   As the Magistrate Judge ordered, Holmes may refute delivery of these newly filed documents only through sworn declaration.   (Doc. 115, p.23.)   To that end, Holmes' deadline to respond to the Defendants' renewed Motion for Summary Judgment passed on February 21, 2024.   If he wishes to dispute receipt of these documents, **he must do so in compliance with the Magistrate Judge's directive by March 15, 2024**.   If he fails to do so, or if he does not respond to Defendant's renewed Motion for Summary Judgment by that time, his case may be dismissed for failure to prosecute or comply with court order.

Furthermore, Holmes' Objection contains the following reference to the Magistrate Judge's Recommendation on his Motions for Preliminary Injunction: "Also page 7 state injunction I filed was because of delays in mail when in fact defendants doc. 70, 71, 72, 73 and their motion

4

to seal medical records and their summary judgment motion was never sent/mailed to Plaintiff Holmes." (Doc. 124, pp.2-3.) This bare statement does not dispute the Magistrate Judge's finding that Holmes has not met his burden to obtain a preliminary injunction, "an extraordinary and drastic remedy" which should "not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). Therefore, his Objection is overruled.

The Court **ADOPTS** the Report and Recommendation, (doc. 115), as its opinion. Plaintiffs' Motion for Summary Judgment, (doc. 63), and his Motions for Preliminary Injunction (docs. 50 & 81), are **DENIED**. Defendants' Motion to Dismiss, (doc. 101), is also **DENIED**, as they have asserted no Objection in the time allowed. Holmes is **DIRECTED** to respond to the Defendants' renewed Motion for Summary Judgment (doc. 119), or to dispute his receipt of those filings by sworn declaration, by March 15, 2024.

**SO ORDERED**, this 27th day of February, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5