IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KEIRON KENNETH HOLMES,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. BAXTER, et al..,<br><br>    Defendants. | CIVIL ACTION NO.: 4:22-cv-227 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's March 22, 2024, Report and Recommendation, (doc. 133), to which plaintiff has filed several Objections, (docs. 134, 135, 137, 138, 139, 141, 142, 143), as well as a sixth accompanying document in opposition, (doc. 136). Throughout this case's pendency Holmes has filed excessive and sometimes frivolous papers on the docket. (See generally, docket (reflecting Holmes' filing of nine motions for summary judgment).) Many of the filings were duplicative or sought no relief, and the Court consequently directed the Clerk to terminate them, or they were denied. (See doc. 115.) Holmes has filed more duplicative filings, and the Magistrate Judge recommended that Holmes' remaining Motions for Summary Judgment (docs. 116, 121), be denied. (Doc. 133.) The Magistrate Judge instead recommended that the Defendant's renewed Motion for Summary Judgment, (doc. 119), be granted. (See doc. 133, p. 24.)

Holmes' first Objection, (doc. 134), includes a copy of Defendants' Statement of Material Facts which accompanied their Renewed Motion for Summary Judgment, (doc. 119-1). Holmes added handwritten notes to the filing which point to alleged contradictory evidence from the

Defendants.  (Doc. 134)  For example, Holmes points to medical records submitted with Defendants' first Motion for Summary Judgment, (see doc. 85-4), claiming that those records show that Holmes cooperated with staff.  He references unsubmitted CCDC disciplinary board hearing charges.  (See doc. 134 at 1.)  He also repeats that he was not found "guilty for reason why that defendant use force on him."  (Id. at 3.)  He asks the Court to review camera footage "that was thrown away," (id. at 5), and submits a copy of his inmate property form, claiming it is evidence that "the Court went off many lies the defendants told about sending me their renewed summary judgment," (doc. 134-1 at 1), despite submitting that very document to make the argument.  (See doc. 134, p. 7 (indicating date of filing of unaltered submission was February 7, 2024); see also docs. 119-2, 85, 85-4).

His second Objection, (doc. 135), is similarly notated, but contains copies of Defendants' exhibits.  The notations indicate supposed discrepancies within those exhibits.  First, he claims that the Defendants contradicted their own statement regarding their camera footage retention policy as stated while in depositions (doc. 135, pp. 1, 14 (differentiating between the verbalized statement of the policy, *i.e.*, 20 to 35 days, and the policy as quoted on the Network Administrator's affidavit which states the policy is 25 to 36 days), and by misstating his "DIN" number, (id., pp.4 -13).  He argues Defendants therefore lied and represented that they justifiably used force against him even though it was someone else who "did something wrong for them to use force," (id., p. 8).  His third filing purports to show that medical records indicate that he cooperated with staff, specifically because staff was "able to get [his] current vital signs/and statement."  (Doc. 136)  While it is difficult to discern Holmes' symbols which are placed in the document, he appears to identify as proof of this notion the section which states: "inmate was alert but refused to cooperate with staffs since arrived.  Inmate told staffs "sherriff [sic] wilcher is bonding him out" and refused

to get process.  Staffs attempted to process inmate after he has calm down.  Inmate attacked an officer while they were moving him out of the cell to get process.  Inmate then escorted to 2D. will attempt to compete his NIO."  (Id., p. 8.)   Holmes also complains that his age was misquoted and is inconsistent.  (Id., p. 3).

  Holmes' third Objection contains Defendants' Brief in Opposition, and Holmes has notated instances of other supposed lies.  (Doc. 137.)   He reasserts his frustration with the Defendants' discovery practice, (id. at 1), complains about the missing camera footage, (id.), disputes factual allegations with conclusory statements, (id. at 7 ("I was in handcuffs at this point with (5) five officers present their life wasn't in danger Defendants lied in this document.")), repeats the word "lied" or asked rhetorical questions, referencing those "lies" by underlining sentence after sentence of the brief, (see id. at 8-10), and alleges generally that evidence is "falsified," (id., p. 11).   Holmes repeats that he was found "not guilty" by the disciplinary board hearing, (id., pp. 14, 15), and he again complains about discovery issues, (id., pp. 18-19).  Holmes' fourth and fifth Objections repeat his assertions with notations to the Defendants' Answer, (doc. 138), and he submitted another list of inmate property records, (doc. 139), which he claims proves that Defendants failed to mail discovery.  Likewise, Holmes remaining objections oscillate from the indecipherable to the meritless.

  Holmes' submissions are impermissible in form, see S.D. Ga. L. Civ. R. 7; 11.1, and meritless in substance.   The Court might reject them based on the impropriety of their form alone, (see doc. 140), but instead has considered the substance of his arguments.  After reviewing Holmes' notations, the Court finds that they do not dispute the findings in the Magistrate Judge's R&R.  Indeed, these arguments were already considered, and as before, are irrelevant to Holmes' burden to overcome Defendants' Motion for Summary Judgment.  Most identify trivial

3

discrepancies or attempt to rehash discovery disputes, others indicate a misreading of the evidence before the Court, and others are simply irrelevant to whether the Defendants are entitled to qualified immunity. Therefore, the Court **ADOPTS** the Report and Recommendation, (doc. 133), as its opinion. Defendants' Motion for Summary Judgment (doc. 119) is **GRANTED.** Holmes' pending Motions for Summary Judgment (docs. 116, 121) are **DENIED.** Further, the Court will not review Objections which repeat these trivial contentions. Should Holmes continue to burden the Court's docket with meritless pleadings, the Court will restrict his filings. The Clerk is **DIRECTED** to **CLOSE** this case.

    **SO ORDERED**, this 10th day of April, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA